IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAMARCUS T. ISHMAN**,

        *Plaintiff*,

*v.*

**SHERIFF VICTOR MASON, et al.**,

        *Defendants*.

CAUSE NO. 3:20-CV-442-CWR-LGI

**ORDER**

Before the Court is the Defendants' *Motion to Set Aside Entry of Default*. Docket No. 42. The matter is fully briefed and ready for adjudication. Upon review, the *Motion* will be denied.

**I.    Facts and Procedural History**

On July 6, 2020, Plaintiff LaMarcus T. Ishman, a pretrial detainee held in Hinds County's Raymond Detention Center, filed a Complaint against Defendants Hinds County Sheriff Victor Mason and Major Rushain[1] for injuries he sustained during his detention. Docket No 1. On September 9, 2020, Magistrate Judge Linda R. Anderson directed the Clerk of Court for the Southern District of Mississippi to issue a *Notice of Lawsuit and Request to Waive Service of a Summons* to each Defendant. Docket No. 10. The Clerk sent a waiver to each Defendant that same afternoon. Docket Nos. 11 and 12. The

---

[1] Defendants acknowledge that Mary Rushing (not "Rushain") is the former warden of the Raymond Detention Center. Docket No. 42 at 1 n.1.

document clarified that failure to timely sign the waiver would result in service of the Complaint and summons by the United States Marshal. Docket No. 10. Neither Defendant responded to the waiver.

Noting the non-response, on October 20, 2020, Judge Anderson directed the U.S. Marshal's Office to serve the defendants. Docket No. 14. In accordance with the waiver's foreshadowing, a Deputy Marshal served the Defendants on November 5, 2020. The Returns state that service was made upon counsel for the Hinds County Sheriff's Department, Claire Barker. Docket Nos. 17 and 18. Receipt of service was filed on November 13, 2020. *Id*.

On April 15, 2021, the Clerk of Court entered default against the Defendants "for their failure to answer, plead, or otherwise defend against" Ishman's Complaint. Docket No. 20.

After more than a year, the Defendants' silence broke on September 20, 2022, when attorney John C. Hall, II entered his appearance on their behalf. Three months later, the Defendants filed the present *Motion to Set Aside Entry of Default*. Docket No. 42.

## II.    Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. It provides that a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b), in turn, provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To set aside entry of default, the central question is whether the movant has shown "good cause." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). That question hinges on "equitable principles." *Id*. In this Circuit, courts must consider the following factors: "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiff[]; and (3) whether [the defendant] presented a meritorious defense." *In re Chinese Manufactured Drywall Prods. Liabl. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citation omitted).

These factors are not exhaustive, however, as courts may also consider whether "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (citations omitted). "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (citation omitted).

3

**III.     Discussion**

The Fifth Circuit defines willfulness as an "intentional failure to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 374 n.32 (5th Cir. 2008). "When . . . a defendant's neglect causes its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *Vaughn v. Nebraska Furniture Mart, LLC*, No. 20-10775, 2021 WL 3775313, at *2 (5th Cir. Aug. 25, 2021) (citation omitted).

The Defendants assert that Ishman never effectuated proper service on either Defendant. Ishman's failure, they argue, placed "no responsibility [on the Defendants] to avail themselves in this litigation." Docket No. 42 at 4. By contrasting their failure to respond with other cases where parties intentionally lied under oath or actively contributed to protracted litigation, the Defendants aver that the facts of this case do not rise to the level of willfulness. *Id*.

The Fifth Circuit's decision in *Wooten* is instructive. In that case, the district court held that the defendant company willfully defaulted. *Wooten*, 788 F.3d at 501. The Fifth Circuit agreed. Merely reasserting that service was not properly executed, absent any explanation "for what happened between its presumed receipt and process and the date on which it retained counsel," did not amount to a mistake or inadvertence. *Id*. Such behavior, the Fifth Circuit continued, "encroached on the sort of behavior we have decried as 'play[ing] games' with the court." *Id*. (citation omitted).

Under this standard, the Defendants' actions (or lack thereof) constitute willfulness.

4

Substantial evidence exists to suggest that the Defendants' failure to respond was purposeful. The Fifth Circuit has "affirmed a lower court's finding of willfulness where the lower court determined that the defendant simply 'chose to play games with the court' and 'chose to make a decision that he hadn't been served when, in fact, he had.'" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (citation omitted). There, the appellate court instructed us that "perfection of service is not determinative—the defendant's knowledge of the perfected service, and the defendant's actions post-service also play a role in measuring the willfulness of a defendant's default." *Id.*

The Court recounts that Ishman filed his Complaint on July 6, 2020, and Judge Anderson directed the Clerk of Court to issue a notice of lawsuit and request waiver of service two months later. Docket Nos. 1, 11, and 12. Those requests were ignored. Next, the United States Marshal's Office proceeded to serve the Defendants through counsel. Docket Nos. 16 and 17. That service was made on November 5, 2020. *Id*. Yet now, the Defendants contend that Barker "was not authorized to accept service for either Defendant." Docket No. 42 at 2.

This contention is puzzling. A review of this Court's docket illustrates that Barker has previously accepted service on behalf of the Sheriff in his official capacity. *See United States of America v. Hinds County et al.*, No. 3:16-CV-489, Docket No. 7 (S.D. Miss. July 6, 2016) (entry noting signed waiver of service). Presumably, Barker knew she was being served with this lawsuit and she accepted service. Nonetheless, the Defendants seemingly ask this Court to surmise, without any corroborating evidence from Ms. Barker, that she was incapable of accepting service upon the Sheriff in this particular

5

matter. The Court respectfully declines. The Defendants have failed to demonstrate that Barker lacked the authority to accept service. The Deputy Marshal's Returns of Service alone are sufficient evidence for this Court to conclude that service was made.

To the extent Ms. Barker was unclear whether the Sheriff was sued in his official or individual capacity, she was free to reach out to Mr. Ishman or file a motion for a more definite statement. *See Wooten*, 788 F.3d at 500 ("Moreover, if McDonald Transit believed that Wooten's allegations were inadequate to support the requested relief or even to enable an intelligent response, it simply could have moved for a more definite statement or to dismiss the case for failure to state a claim."). Yet she did not. Neither Barker nor the Defendants have proffered any explanation for their silence in between their receipt of process and the date Hall joined us. Instead, they repeat the same insufficient service of process argument. That is not enough.

For these reasons, the Defendants have failed to demonstrate "good cause" excusing their default.[2]

## IV.    Conclusion

The Defendants' *Motion to Set Aside Entry of Default* is **DENIED**.

What remains before the Court is Ishman's *Motion for Default Judgment*. Docket No. 34. The Court will take that up in due course.[3] No matter how that *Motion* is adjudicated,

---

[2] Having found willfulness, the Court declines to consider factors two through six in its analysis. On an initial review, however, those factors present a mixed bag: some favor a finding of "good cause," while others counsel against it.

[3] As this Court does in each of its cases, it encourages the parties to evaluate their positions based on any rulings this Court issues. This is an appropriate time to remind these parties that they should attempt to resolve this dispute. If they desire to do so, they should contact the Magistrate Judge's Chambers within 14 days for a settlement conference.

however, further litigation appears necessary. If the Complaint is well-pleaded, then a Default Judgment will issue and the Defendants will presumably appeal. If, however, the Complaint is not well-pleaded, then under the applicable Fifth Circuit standard, Mr. Ishman is entitled to amend once to set forth his best case. Whether either course of action is in the parties' mutual best interests is unclear.

**SO ORDERED**, this the 19th day of July, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
